## Commonwealth v. Higgins

*Bernard E. DiJoseph*, for Commonwealth.
*Seymour Green*, for defendant.

CORSON, J., March 12, 1956.—This matter comes before the court after a waived hearing before a magistrate, at which time defendant was charged with violating the above section of The Vehicle Code.

After hearing the evidence, the hearing judge is convinced that defendant was guilty of having failed to give the right of way as charged.

The question to be decided, however, is not so much whether defendant was guilty, but whether this court has jurisdiction to pass upon the case. Under The Vehicle Code, in cases involving summary proceedings, the information charging violation "shall be brought before the nearest available magistrate . . . *in the county where the alleged violation occurred*": Act of May 1, 1929, P. L. 905, art. XII, sec. 1201 (75 PS §731). (Italics supplied).

In this case defendant was approaching the county line between Delaware and Montgomery Counties, from the Delaware County side. The stop sign was in Delaware County, and when defendant entered into the County Line Road, she drove directly in front of a car approaching on the Delaware County half of the highway. The resulting collision took place on the Delaware County side of the line. We feel that we must hold that the violation took place in Delaware County and under the procedural provisions of The Vehicle Code, Delaware County alone had jurisdiction.

It is true that the Act of March 31, 1860, P. L. 427, section 48 (19 PS §524) provides for concurrent jurisdiction over offenses committed within 500 yards of the boundary between any two counties, yet this act limits such crimes to felonies or misdemeanors. It, therefore, does not cover cases involving summary convictions.

For the reasons given, we therefore enter the following decree:

And now, March 12, 1956, for the reasons given, defendant is found not guilty because of lack of jurisdiction.